JS 44 (Rev. 06/17) MMB    CIVIL COVER SHEET    2:18-2035

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
MMB

**DEFENDANTS**
18 2035

(b) County of Residence of First Listed Plaintiff  Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Bucks
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Martin Stanshine, Esq. (215) 985-4204
Stanshine & Sigal, P.C.
1528 Walnut St. Suite 700, Philadelphia, PA 19102

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC § 1983

Brief description of cause:
Assault on prisoner plaintiff

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ Excess of $150,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

MAY 10 2018

DATE  5-11-18
SIGNATURE OF ATTORNEY OF RECORD  Martin Stanshine

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 5041 Anchor Street, Philadelphia, PA 19120

Address of Defendant: 1730 S Easton Rd. Doylestown, PA 18901

Place of Accident, Incident or Transaction: Bucks County Correctional Facility 1730 S Easton Rd. Doylestown, PA 18901
*(Use Reverse Side For Additional Space)*

18  2035

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐  No☒

Does this case involve multidistrict litigation possibilities?   Yes☐  No☒

RELATED CASE, IF ANY:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?   Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify) _____

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, _____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: _____   _____   _____
                  Attorney-at-Law                Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 5-14-18   *[signature]*   15388
                 Attorney-at-Law   Attorney I.D.#

MAY 10 2018

CIV. 609 (5/2012)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CASE MANAGEMENT TRACK DESIGNATION FORM**

                                                         CIVIL ACTION

v.

                                                         NO. 18 2035

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (✓)

| 5/3/18 | Martin Stanshine | Robert Deems |
|---|---|---|
| Date | Attorney-at-law | Attorney for |
| (215) 985-4204 | (215) 545-0668 | MartinStanshine@hotmail.com |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660) 10/02

MAY 10 2018

# STANSHINE & SIGAL, P.C.

**Martin Stanshine**
**Marc Sigal** *

---

**Donald Litman, Of Counsel** **

* Admitted in NJ & PA
** Admitted in PA, NJ, MD & VA

Attorneys at Law
Suite 700
1528 Walnut Street
Philadelphia, PA 19102
(215) 985-4204 (Ph)
(215) 545-0668 (Fax)

1765 Duke Street
Alexandria, VA 22314

100 N. Kenhorst Boulevard
Reading, PA 19607

(888) 960-8035

Please Reply To: Philadelphia Office

May 4, 2018

Pennsylvania Eastern District Court
*Attn: Court Clerk*
601 Market Street, Suite 2609
Philadelphia, PA 19106

RE: <u>Robert Deems v. Correctional Officer Phillips, et al.</u>

Dear Sir/Madam:

Enclosed please find a Complaint in the above referenced matter. Please file this Complaint in accordance with the Eastern Federal District filing procedures.

Thank you.

*Very truly yours,*

*Martin Stanshine*

**MARTIN STANSHINE**

*MS:nb*
*Enclosure*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT DEEMS | : | CIVIL ACTION |
| 5041 Anchor Street | : | |
| Philadelphia, PA 19120 | : | |
| vs. | : | |
| CORRECTIONAL OFFICER PHILLIPS | : | NO. 18   2035 |
| c/o Bucks County Correctional Facility | : | |
| 1730 S Easton Road | : | |
| Doylestown, PA 18901 | : | |
| and | : | |
| CORRECTIONAL OFFICER WILLIAMS | : | |
| c/o Bucks County Correctional Facility | : | |
| 1730 S Easton Road | : | |
| Doylestown, PA 18901 | : | |
| and | : | |
| BUCKS COUNTY | : | |
| 55 E. Court Street, 5th Floor | : | |
| Doylestown, PA 18901 | : | |

## COMPLAINT

### I.   *Jurisdiction*

1.   This action is brought pursuant to 42 U.S.C. Section 1983 and Section 1988, and the Fourth, Eighth and Fourteenth Amendments to the United States Constitution. Jurisdiction is based on 28 U.S.C Section 1331 and 1343 and the aforementioned statutory and constitutional provisions. Plaintiff further invokes the supplemental jurisdiction of this Court to hear the said claims arising under state law.

### II.   *Parties*

2.   Plaintiff is, Robert Deems, an adult individual and citizen of the United States of America whose home address is at the address set forth in the caption of this complaint.

3. Plaintiff, Robert Deems, was born on November 26, 1975 and, at the time of the events described below, was 41 years old.

4. Defendant is Correctional Officer Phillips, (hereinafter referred to as "C/O Phillips") whose first name is unknown at this time and who, at all times relevant hereto, worked as a correctional officer at the Bucks County Correctional Facility at the above stated address.

5. Defendant is Correctional Officer Williams (hereinafter referred to as "C/O Williams") whose first name is unknown at this time and who, at all times relevant hereto, worked as a correctional officer at the Bucks County Correctional Facility at the above stated address.

6. Defendant is Bucks County, a municipal entity which owns, manages and controls the Bucks County Correctional Facility.

7. At all times relevant hereto, defendants – Officer Phillips and Officer Williams – were the agents, servants, workmen and/or employees of Bucks County Correctional Facility and of Bucks County and were working within the course and scope of their authority and employment.

8. At all times relevant hereto, plaintiff – Robert Deems – was a prisoner at the Bucks County Correctional Facility.

### III. *Facts*

9. On or about July 1, 2016, a verbal dispute occurred between defendant – C/O Phillips - and plaintiff after which plaintiff, who was sick at the time, went back into his cell and was vomiting in the cell when defendant – C/O Williams – ordered

2

plaintiff's cellmate to leave the cell area.

10. Immediately after plaintiff's cellmate left the area, defendant – C/O Phillips – came into the cell and punched plaintiff in the face and then slammed his head against the wall while grabbing him by the neck, and then lifted him in the air and swung him towards the bed, causing his head to hit the point of the bed, all causing physical injuries to plaintiff, during which defendant – C/O Williams – was standing at plaintiff's cell door.

11. Plaintiff believes and therefore avers that, by ordering plaintiff's cellmate to leave the cell immediately before C/O Phillips assaulted plaintiff, and by standing by the cell door while this was happening, defendant – C/O Williams – was acting in concert with defendant – C/O Phillips – with regard to the above described assault on plaintiff.

12. As a direct result of the aforementioned assault, plaintiff suffered fractures of at least two of his teeth, which later had to be removed, cuts and bruises, as well as injuries to his right shoulder, neck and back (aggravating pre-existing herniations) as well as severe physical pain and emotional distress.

13. Plaintiff believes and therefore avers that defendant – C/O Phillips – has assaulted several prisoners in the past but has been permitted to stay at his current position – despite the danger of assault and injuries to prisoners including plaintiff herein.

SECOND CAUSE OF ACTION

## FIRST CAUSE OF ACTION
## CIVIL RIGHTS VIOLATION

14. Paragraphs one (1) through thirteen (13) of this complaint are hereby incorporated as if each were fully set forth at length herein.

15. As a direct and proximate result of the above described actions of defendants – C/O Phillips, C/O Williams and Bucks County – plaintiff was subjected to a vicious assault and cruel and unusual punishment in violation of his due process rights under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution and in violation of 42 U.S.C section 1983.

16. As a direct and proximate result of the acts and omissions of defendants – C/O Phillips, C/O Williams and Bucks County – plaintiff suffered damages as set forth above and a deprivation of his rights and liberty interests, all to plaintiff's great detriment and loss.

17. The actions of defendants – C/O Phillips, C/O Williams and/or Bucks County – violated clearly established and well settled federal constitutional rights of plaintiff including the rights described above and including freedom from cruel and unusual punishment and from the use of unreasonable and unjustified force on his person as well as lack of due process.

18. Based on plaintiff's belief and averment that defendant – C/O Phillips – had assaulted other inmates in the past but continued to be permitted to remain as a correctional officer at Bucks County Correctional Facility, plaintiff believes and therefore of avers that defendant – Bucks County – has, deliberately or with deliberate

indifference, failed to adequately discipline, train or otherwise direct correctional officers concerning assaultive behavior on inmates, thereby causing the defendant correctional officers in this case to engage in the unlawful conduct described above.

19. Plaintiff is entitled to attorney's fees and costs of prosecution pursuant to 42 USC Section 1988.

## *SECOND CAUSE OF ACTION*
## *ASSAULT AND BATTERY*

20. Paragraphs one (1) through nineteen (19) of this complaint are hereby incorporated as if each were fully set forth at length herein.

21. The aforementioned actions of defendants - C/O Phillips, C/O Williams and/or Bucks County - put plaintiff in fear of and committed painful and offensive bodily contact with plaintiff, thereby constituting the torts of assault and battery under Pennsylvania law.

## *THIRD CAUSE OF ACTION*
## *PUNITIVE DAMAGES*

22. Paragraphs one (1) through twenty-one (21) of this complaint are hereby incorporated as if each were fully set forth at length herein.

23. The conduct of defendants - C/O Phillips, C/O Williams and Bucks County - were outrageous, wanton, willful and reckless, thereby entitling plaintiff to punitive damages against the aforesaid defendants.

## *JURY DEMAND*

26. Plaintiff demands a trial by jury as to each defendant and each claim, cause and count.

**WHEREFORE,** plaintiff demands judgment against each defendant, jointly and/or severally, as to each count, in an amount **in excess** of $150,000.00 together with costs, attorney's fees, interest and such other and further relief as the court may deem just and proper.

*Respectfully submitted,*

STANSHINE & SIGAL, P.C.

BY: *Martin Stanshine*

*MARTIN STANSHINE, ESQUIRE*
*Identification No: 15388*
Stanshine & Sigal
1528 Walnut Street, Suite 700
Philadelphia, PA 19102
215-985-4204
215-545-0668 (fax)
Attorney for Plaintiff

Dated: February 1, 2018