# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| ROBERT DEEMS | CIVIL ACTION |
|---|---|
| v. | NO. 18-2035 |
| CORRECTIONAL OFFICER JASON M. PHILLIPS, CORRECTIONAL OFFICER FRANKLIN E. WILLIAMS, and BUCKS COUNTY | |

## MEMORANDUM RE: MOTIONS TO DISMISS

**Baylson, J.**                                                                                                          **December 12, 2018**

Plaintiff Robert Deems ("Plaintiff") brings this action against Defendants Bucks County and Correctional Officers Jason M. Phillips ("Phillips") and Franklin E. Williams ("Williams"), asserting that Plaintiff was unlawfully beaten by Phillips while Williams stood by and removed Plaintiff's cellmate from the cell. (ECF 5, "Am. Compl." ¶¶ 9–10). Plaintiff's complaint sets out three claims for relief against all Defendants:

1. Fourth, Eighth, and Fourteenth Amendment violations under 42 U.S.C. § 1983.
2. Assault and battery under Pennsylvania law.
3. Punitive Damages.

Bucks County and Williams now move to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. (ECF 11, 12). Phillips has not moved to dismiss the claims pled against him. For the reasons stated below, both Motions to Dismiss are GRANTED.

## I.   Background

For the purposes of this motion, the following facts are taken as true from Plaintiff's Amended Complaint. At the time of the incident that sparked this action, Plaintiff was incarcerated

at Bucks County Correctional Facility, where Phillips and Williams were employed as correctional officers. Am. Compl. ¶¶ 7, 8–9.

On July 1, 2016, Plaintiff and Phillips entered into a verbal dispute, after which Plaintiff went back to his cell and began vomiting in the cell because he was sick at the time. Am. Compl. ¶ 9. While Plaintiff was vomiting, Williams ordered Plaintiff's cellmate to leave the cell. Id. Immediately thereafter, Phillips came into the cell "and punched plaintiff in the face and then slammed his head against the wall while grabbing him by the neck, and then lifted him in the air and swung him towards the bed, causing his head to hit the point of the bed." Id. ¶ 10. During this time, Williams was standing at Plaintiff's cell door. Id. Plaintiff alleges that Williams was acting in concert with Phillips with regard to the alleged assault. Id. ¶ 11.

As a result of this alleged assault, Plaintiff suffered fractures of two teeth, which later had to be removed; cuts and bruises; and injuries to his right shoulder, neck, and back, which aggravated pre-existing conditions; as well as physical pain and emotional distress. Id. ¶ 12.

Plaintiff filed this lawsuit on May 10, 2018 (ECF 1), and amended his complaint once, by stipulation of the parties, on July 20, 2018 (ECF 4, "Stip. & Order"; ECF 5, "Am. Compl."). Bucks County and Williams each filed Motions to Dismiss the Amended Complaint on August 10, 2018. (ECF 11, "Bucks Cnty Mot."; ECF 12, "Williams Mot."). Plaintiff responded to each in opposition on August 28, 2018 (ECF 16, 17), and Bucks County and Williams replied on September 4, 2018 (ECF 18, 19). Phillips has not moved to dismiss the claims pled against him.

## II. Legal Standard

In ruling on a 12(b)(6) motion to dismiss, the court must determine whether "a complaint [contains] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550

U.S. 544, 570 (2007)). The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678.

## III. Discussion

### A. § 1983 Claim

#### 1. Bucks County

Plaintiff's First Cause of Action for a civil rights violation pursuant to 42 U.S.C. § 1983 against Bucks County is premised on an allegation that Bucks County "deliberately, or with deliberate indifference, failed to adequately discipline, train or otherwise direct correctional officers concerning assaultive behavior on inmates, thereby causing the defendant correctional officers in this case to engage in the unlawful conduct described [in the Amended Complaint]." Am. Compl. ¶ 18.[1] In Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978), the Supreme Court held that a municipal entity "cannot be held liable under §1983 on a *respondeat superior* theory." Id. at 691–92. Rather, "it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts [an] injury that the government as an entity is responsible under § 1983." Id. at 694. This requires that a plaintiff identify a policy or custom, identify the alleged violation of the plaintiff's constitutional rights, and establish a causal link between the policy or custom and the plaintiff's injury. Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown, 520 U.S. 397, 403–04 (1997); see also Wood v. Williams, 568 F. App'x 100, 105 (3d Cir. 2014) (finding a complaint was deficient in alleging a claim for failure to train or supervise because "[t]he complaint did not

---

[1] Bucks County briefly mentions that the Plaintiff cannot bring a claim for all three of the Amendments under § 1983, but moves on because there are not enough facts to determine which Amendment the Plaintiff's claims should fall under. See Bucks Cnty. Mot. at 4 n.1. For the reasons discussed above, Plaintiff has not alleged enough facts for his § 1983 claims under any of these three Amendments.

3

allege facts showing any particular or specific policy or custom, or how it allowed the claimed constitutional violation to occur, identifying the policymaker or decisionmaker, or showing prior notice through a pattern of similar constitutional violations"). The Third Circuit has held that a plaintiff must identify a policy or custom and specify facts showing what exactly the policy was. McTernan v. City of York, 564 F.3d 636, 658 (3d Cir. 2009). A complaint that simply alleges that a plaintiff's rights were violated due to the government's policy of ignoring such rights is not sufficient. See id.

The Supreme Court has further held that a claim premised on a municipal entity's failure to train or supervise its employees must evidence deliberate indifference in order to be thought of as a policy or custom under § 1983. City of Canton, Ohio v. Harris, 489 U.S. 378, 389 (1989). Deliberate indifference is "a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." Bryan Cnty., 520 U.S. at 410; see also Connick v. Thompson, 563 U.S. 51, 61–62 (2011) (explaining how a municipality may be liable under § 1983 for failure to train in "limited circumstances").

In this case, Plaintiff alleges upon belief that Phillips had "assaulted other inmates in the past but continued to be permitted to remain as a correctional officer at Bucks County Correctional Facility," and this evidences Bucks County's deliberate indifference and failure to train. Am. Compl. ¶ 18. This conclusory allegation does not identify any policy or custom upon which to base liability. Even if Plaintiff wished to base liability upon a single decision to retain Phillips, he has not alleged knowledge on the part of Bucks County that Phillips was unfit, or a single other instance in which Phillips utilized excessive force. These allegations do not rise to the stringent standard of "deliberate indifference." Plaintiff must allege more than simply conclusory statements in order for Monell liability to be imposed. See, e.g., Barrera v. Cnty. of Bucks, No.

4

14-7136, 2015 WL 4474398, *4 (E.D. Pa. July 22, 2015) (Baylson, J.) (denying motion to dismiss Monell claim alleged against Bucks County because the plaintiff alleged "specific facts concerning [the correctional officer's] conduct within the prison system, pointing to the prison's history of sexual assault by guards, a systemic failure to report such assaults, deficiencies in the ethics and procedural training of guards, and oversight in the promotion and supervision of guards"). Because Plaintiff has not alleged enough facts to make a plausible claim for failure to train under § 1983, the First Cause of Action must be dismissed as to Bucks County.

### 2. Williams

Williams also moves to dismiss Plaintiff's § 1983 claim to the extent the claim is premised on a theory of conspiracy. Plaintiff alleges that Williams "ordered [P]laintiff's cellmate to leave the cell area" prior to the alleged assault, Am. Compl. ¶ 9; that Williams "was standing at plaintiff's cell door" during the alleged incident, Am. Compl. ¶ 10; and that Williams was acting "in concert with" Phillips during the time of the alleged assault. Am. Compl. ¶ 11. Williams argues that these allegations are insufficient to support a conspiracy claim, to the extent Plaintiff relies on one.

In order to sufficiently plead a conspiracy claim under § 1983, Plaintiff must allege:

1. The existence of a conspiracy involving state action; and
2. A deprivation of rights in furtherance of the conspiracy by a party to the conspiracy.

Rosembert v. Borough of East Lansdowne, 14 F.Supp.3d 631, 647 (E.D. Pa. 2014) (Goldberg, J.) (quoting Gale v. Storti, 608 F.Supp.2d 629, 636 (E.D. Pa. 2009) (Brody, J.)). Plaintiff must further allege "that there was an agreement or meeting of the minds to violate his constitutional rights." Id.; see also Jutrowski v. Township of Riverdale, 904 F.3d 280, 295 (3d Cir. 2018) (holding that a claim for conspiracy under § 1983 requires a showing of "agreement and concerted action"). Under Twombly, 550 U.S. at 556, "an 'allegation of parallel conduct' will not suffice and mere

5

conclusory allegations are not enough." Gleason v. East Norriton Twp., No. 11-CV-6273, 2012 WL 3024011, at *5 (E.D. Pa. July 24, 2012) (citing Great Western Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 176–77 (3d Cir. 2010)).

Here, the Amended Complaint is devoid of any allegations that Williams was acting pursuant to an agreement with Phillips, or that there was a meeting of the minds between the two to violate Plaintiff's rights. Plaintiff's § 1983 claim against Williams must therefore be dismissed with leave to amend.[2]

### B. Assault and Battery Claim

#### 1. Bucks County

Bucks County moves to dismiss Plaintiff's Second Cause of Action for assault and battery on the basis that Bucks County is immune from liability under Pennsylvania's Political Subdivision Tort Claims Act, 42 Pa. Cons. Stat. §§ 8541, et seq. (the "Pennsylvania Tort Claims Act"). Under § 8541 of the Pennsylvania Tort Claims Act, local agencies will not be liable for injury to person or property unless otherwise provided by statute.[3] Because tort claims of assault and battery do not fall under one of the enumerated exceptions, Bucks County has sovereign immunity over these claims as a matter of law. See Lakits v. York, 258 F. Supp. 2d 401, 407 (E.D.

---

[2] Williams moved only to dismiss Plaintiff's § 1983 claim "[t]o the extent Plaintiff asserts a conspiracy claim against Williams." Williams Mot. ¶ 2; see also Br. in Support of Williams Mot. at 9 ("[T]o the extent Plaintiff purports to state a Section 1983 conspiracy claim in the Amended Complaint, it must be dismissed as to Williams."). For the reasons discussed above, Plaintiff has failed to allege a plausible conspiracy-based § 1983 claim. The Amended Complaint does not include sufficient facts for the Court to determine whether the § 1983 claim is premised on another theory of liability. If Plaintiff elects to amend his claim, he should include sufficient facts to plausibly allege the basis or bases for his claims.

[3] Under § 8542 of the Pennsylvania Tort Claims Act, the only exceptions are: vehicle liability; care, custody or control of personal property; real property; trees, traffic controls and street lighting; utility service facilities; streets; sidewalks; care, custody or control of animals.

6

Pa. 2003) (Baylson, J.) ("This Court has specifically found that Pennsylvania municipalities are immune from claims of assault and battery."). Plaintiff's Second Cause of Action against Bucks County must therefore be dismissed.

### 2. Williams

Williams also moves to dismiss Plaintiff's assault and battery claim on the basis that he is immune, and that Plaintiff has failed to state such a claim against him.

Under § 8545 of the Pennsylvania Tort Claims Act, Williams may be entitled to the same immunity from suit as his employer. As stated above, Bucks County has immunity from this type of suit, and that immunity may extend to Williams through § 8545. However, § 8550 of the Pennsylvania Tort Claims Act states that if an action of an employee constitutes a crime, actual fraud, actual malice, or willful misconduct, the protections of § 8545 will not apply. Under Pennsylvania law, willful misconduct has been construed as "conduct whereby the actor desired to bring about the result that followed or at least was aware that it was substantially certain to follow, so that such desire can be implied." Assocs. in Obstetrics & Gynecology v. Upper Merion Twp., 270 F. Supp. 2d 633, 663 (E.D. Pa. 2003) (internal citation and quotation marks omitted). Because the Court finds that the Amended Complaint does not adequately allege an assault and battery claim against Williams, we need not determine at this time whether Williams would be immune from such a claim under the Pennsylvania Tort Claims Act.

The assault and battery claim alleged in the Second Cause of Action fails against Williams because Plaintiff has not sufficiently stated a claim. Plaintiff alleges that, by removing Plaintiff's cellmate from the cell and by standing in the doorway during the assault, Williams "was acting in concert with" Phillips. Am. Comp. ¶ 11. In order to state a claim of conspiracy to commit the torts of assault and battery, a plaintiff must allege: "1) a combination of two or more persons acting

7

with a common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose; 2) an overt act done in pursuance of the common purpose; and 3) actual legal damage." Goldstein v. Phillip Morris, Inc., 854 A.2d 585, 590 (Pa. Super. Ct. 2004) (citing McKeeman v. Corestates Bank, 751 A.2d 655, 660 (Pa. Super. Ct. 2000)). Similar to a claim for conspiracy to violate § 1983, "[c]onclusory allegations of 'concerted action,' without allegations of fact that reflect joint action, are insufficient" to state a civil conspiracy claim under state law. See Adams v. Teamsters Local 115, 214 F. App'x 167, 175 (3d Cir. 2007). Plaintiff's assault and battery claim, lodged against Williams on the sole and conclusory basis that Williams "was acting in concert with" Phillips, fails to allege any facts reflecting "joint action."

In Plaintiff's Opposition to Williams's Motion to Dismiss (ECF 16), Plaintiff argues that his assault and battery claim against Williams is premised on a theory of "aiding and abetting." The Amended Complaint does not address aiding and abetting, and does not include sufficient factual allegations to plausibly state such a claim. For all of these reasons, Plaintiff's Second Cause of Action against Williams is therefore dismissed with leave to amend.

## IV. Conclusion

For the reasons stated above, both Motions to Dismiss (ECF 11, 12) are GRANTED. Because Defendant Phillips has not moved to dismiss the claims pled against him, the case against Phillips will continue.

An appropriate Order follows.

O:\CIVIL 18\18-2035 Deems v Bucks Co\18cv2035 Memo re Mots. to Dismiss