# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| ROBERT DEEMS | CIVIL ACTION |
|---|---|
| v. | NO. 18-2035 |
| CORRECTIONAL OFFICER JASON M. PHILLIPS, CORRECTIONAL OFFICER FRANKLIN E. WILLIAMS, and BUCKS COUNTY | |

## MEMORANDUM RE: MOTION TO DISMISS

**Baylson, J.**                                                                                                     **June 13, 2019**

Plaintiff Robert Deems ("Plaintiff") brings this action against Bucks County Correctional Officers Jason M. Phillips ("Phillips") and Franklin E. Williams ("Williams," and collectively, "Defendants"), asserting that Plaintiff was unlawfully beaten by Phillips while Williams removed Plaintiff's cellmate from the cell and blocked the door, thus preventing anyone from witnessing the assault or aiding Plaintiff. (ECF 30, "SAC" or "Second Amended Complaint," ¶¶ 8–10). Williams now moves to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (ECF 31, "Mot." or "Motion"). Phillips has not moved to dismiss the claims pled against him. For the reasons stated below, the Motion to Dismiss filed by Williams is GRANTED.

### I.    Background

For the purposes of this Motion, the following facts are taken as true from Plaintiff's Second Amended Complaint. At the time of the incident that sparked this action, Plaintiff was incarcerated at Bucks County Correctional Facility, where Phillips and Williams were employed as correctional officers. (SAC ¶¶ 4–6).

1

On July 1, 2016, Plaintiff and Phillips entered into a verbal dispute, after which Plaintiff went back to his cell and began vomiting in the cell because he was sick at the time. (Id. ¶ 7). Shortly after, Williams and Phillips approached the cell and Williams ordered Plaintiff's cellmate to leave. (Id. ¶ 8). Immediately after Plaintiff's cellmate left, Phillips entered the cell and "punched [P]laintiff in the face and then slammed his head against the wall while grabbing him by the neck, and then lifted him in the air and swung him towards the bed, causing his head to hit the point of the bed," and causing Plaintiff physical injury. (Id. ¶ 9).

During this time, Williams stood at Plaintiff's cell door, blocking others from viewing the assault and coming to Plaintiff's aid. (Id. ¶ 10). Plaintiff contends that Williams did so "intentionally and knowingly" to aid and abet Phillips's actions. (Id. ¶ 11).

As a result of the alleged assault, Plaintiff suffered fractures of two teeth, which later had to be removed; cuts and bruises; and injuries to his right shoulder, neck, and back, which aggravated pre-existing conditions; as well as physical pain and emotional distress. (Id. ¶ 12).

Plaintiff's Second Amended Complaint asserts three causes of action against Phillips and Williams:

1. Fourth, Eighth, and Fourteenth Amendment violations under 42 U.S.C. § 1983.
2. Assault and battery under Pennsylvania law.
3. Punitive Damages.

A previous version of Plaintiff's complaint also named Bucks County as a defendant to this action. (ECF 5). Bucks County and Williams both moved to dismiss that Amended Complaint, (ECF 11, 12), and the undersigned granted their motions. (ECF 27, 28). The claims against Bucks County were dismissed with prejudice because Plaintiff failed to plausibly state a claim for Monell liability under § 1983, and because Bucks County had sovereign immunity

from the state law claims. (ECF 27). The claims against Williams were dismissed without prejudice because Plaintiff did not sufficiently allege that there was a meeting of the minds between Williams and Phillips to violate his civil rights. (Id.).

Plaintiff filed his Second Amended Complaint against Williams and Phillips on December 31, 2018. (ECF 30). On January 15, 2019, Williams filed this Motion to Dismiss Plaintiff's Claims Against Him in the Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF 31). Plaintiff responded in opposition on January 29, 2019, (ECF 34, "Opp'n" or "Opposition"), and Williams replied in support on February 8, 2019. (ECF 37, "Reply"). The Motion is now fully briefed and ripe for review.

## II. Legal Standard

In considering a motion to dismiss under Rule 12(b)(6), the Court "accept[s] all factual allegations as true [and] construe[s] the complaint in the light most favorable to the plaintiff." Warren Gen. Hosp. v. Amgen, Inc., 643 F.3d 77, 84 (3d Cir. 2011) (internal quotation marks and citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

The Court in Iqbal explained that, although a court must accept as true all the factual allegations contained in a complaint, that requirement does not apply to legal conclusions; therefore, pleadings must include factual allegations to support the legal claims asserted. Iqbal, 556 U.S. at 678, 684. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678 (citing Twombly, 550 U.S. at 555); see also Phillips v. Cty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (citing Twombly, 550 U.S. at 556 n.3) ("We caution that without some factual allegation in the complaint, a claimant cannot

satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests."). Accordingly, to survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

## III. Discussion

### A. § 1983 Claim

In his Motion, Williams claims that the Second Amended Complaint suffers from the same factual deficiencies as the Amended Complaint. Williams asserts that the only meaningful change to Plaintiff's § 1983 claim was the additional allegation that "C/O Williams stood by [P]laintiff's cell door, thus preventing other persons from coming to the aid of [P]laintiff and blocking witnesses' view of this assault." (SAC ¶ 10). Williams asserts that this statement does not allege a meeting of the minds, as required for a § 1983 conspiracy claim, but rather describes the logical consequence of blocking a doorway. In Opposition, Plaintiff explains that he amended his claim to make clear that it was premised on allegations of aiding and abetting rather than on a conspiracy theory.

The basis for Plaintiff's First Cause of Action, as pled against Williams, remains unclear. Plaintiff alleges a "civil rights violation" under the First Cause of Action, claiming that he was "subjected to a vicious assault and cruel and unusual punishment in violation of his due process rights under the Fourth, Eighth and Fourteenth Amendments . . . and in violation of 42 U.S.C. section 1983." (Id. ¶ 14). He claims he was proximately injured by both Defendants' "acts and omissions," (Id. ¶ 15), and that both Defendants violated well-settled federal rights "including the rights described above and including freedom from cruel and unusual punishment and from

4

the use of unreasonable and unjustified force on his person as well as a lack of due process." (Id. ¶ 16).

To the extent Plaintiff's claim is still meant to be premised on a theory of conspiracy under § 1983, the Second Amended Complaint comes no closer than the previous complaint to plausibly stating such a claim. Even accepting as true, as the Court must, that Williams "stood by [P]laintiff's cell door, thus preventing other persons from coming to the aid of plaintiff and blocking witnesses' view of [the] assault," (Id. ¶ 10), the Second Amended Complaint fails to allege that there was a conspiracy, agreement, or meeting of the minds between him and Phillips. See Rosembert v. Borough of East Lansdowne, 14 F. Supp. 3d 631, 647 (E.D. Pa. 2014) (Goldberg, J.) (explaining that a plausible claim for § 1983 conspiracy requires allegations of the existence of a conspiracy, shown through an "agreement or meeting of the minds to violate [the plaintiff's] constitutional rights"). Plaintiff's contention that Williams "intentionally and knowingly aided and abetted [Phillips] in violating [P]laintiff's civil rights," (SAC ¶ 11), is a legal conclusion that the Court need not consider on a 12(b)(6) motion. See Iqbal, 556 U.S. at 678, 684. Moreover, that statement does not provide any further clarity of the basis for Plaintiff's § 1983 claim as pled against Williams. Plaintiff presents no case law, and the Court is aware of no precedential authority, that suggests a claim is cognizable for aiding and abetting a violation of § 1983.

Plaintiff's First Cause of Action, as pled, thus fails to provide Williams with "fair notice" and the "'grounds' on which the claim rests." See Phillips, 515 F.3d 224, 232 (3d Cir. 2008) (citing Twombly, 550 U.S. at 556 n.3). The claim, so far as it is pled against Williams, must be dismissed. Plaintiff has now had several opportunities to amend his claim to provide more factual support and clarity—the Court will not grant further leave to amend and will dismiss the

claim, as pled against Williams, with prejudice. Because Phillips has not moved to dismiss the claim, Plaintiff's First Cause of Action remains valid against him.

B. **Assault and Battery Claim**

Having dismissed Plaintiff's § 1983 claim against Williams, the only remaining claim pled against Williams is an assault and battery claim that falls under Pennsylvania state law. In this matter, federal jurisdiction was premised solely on the existence of a federal question, pursuant to 28 U.S.C. § 1331. State courts are the preferred arbiters of state law claims, especially when federal claims are dismissed before trial. See United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966) ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."). Upon dismissing all claims within a federal court's original jurisdiction, the Court has discretion to decide whether to continue to exercise supplemental jurisdiction over remaining state law claims. See 28 U.S.C. § 1367(c)(2).

To resolve Plaintiff's remaining assault and battery claim, the Court would need to apply and interpret Pennsylvania state law. Considerations of comity, fairness, and judicial economy strongly favor having Pennsylvania courts, rather than federal courts, resolve these claims. Such important considerations are not outweighed by any personal convenience to the parties in continuing to litigate in this federal forum. Accordingly, this Court declines to exercise supplemental jurisdiction over Plaintiff's assault and battery claim and dismisses this claim without prejudice. See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988) ("When the balance of these factors indicates that a case properly belongs in state court, as when the federal-

law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice.").

**IV.    Conclusion**

For the reasons stated above, Defendant Franklin E. Williams's Motion to Dismiss (ECF 31) is GRANTED.[1] The First Cause of Action pled against Williams is DISMISSED WITH PREJUDICE; the Second and Third Causes of Action pled against Williams are DISMISSED WITHOUT PREJUDICE. Because Defendant Jason M. Phillips has not moved to dismiss the claims pled against him, the case against Phillips will continue.

An appropriate Order follows.


O:\CIVIL 18\18-2035 Deems v Bucks Co\18cv2035 Memo re 2d Mot. to Dismiss

---

[1] Plaintiff has also asserted a claim for punitive damages as a separate cause of action. Because the claims against Williams have been dismissed, it follows that Plaintiff has no basis to request punitive damages against Williams. The Court also notes that Plaintiff cannot sustain a request for punitive damages as an independent cause of action. See Tennis v. Ford Motor Co., 730 F. Supp. 2d 437, 450 (W.D. Pa. 2010) ("Punitive damages are a form of relief, and are not the basis for an independent cause of action."); DiGregorio v. Keystone Health Plan E., 840 A.2d 361, 370 (Pa. Super. 2003) ("It is settled law that one cannot recover punitive damages independent from an underlying cause of action."). The Third Cause of Action, as pled against Williams, will therefore also be dismissed without prejudice.